IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JACK D. MAHON, )
)
        Plaintiff, )
)
vs. )   Case No. CIV-15-122-M
)
ZIMMER, INC., )
a foreign corporation, )
)
        Defendant. )

# ORDER

Before the Court is defendant's Motion to Dismiss, filed August 14, 2015. On September 4, 2015, plaintiff filed his response, and on September 11, 2015, defendant filed its reply.

Plaintiff's action arises from the implantation of an artificial hip prosthesis manufactured, distributed, and marketed in the United States by defendant. In his Second Cause of Action, plaintiff alleges a negligence per se claim. Defendant moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Second Cause of Action for failure to state a claim.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed the Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has not set forth sufficient factual allegations to state a negligence per se claim against defendant. Plaintiff's Second Cause of Action states, in its entirety:

> Plaintiff, for his Second Cause of Action, realleges and restates, *in toto*, and adopts by material reference, all allegations contained in the Complaint and the first cause of action and further alleges and states as follows:
> 10) The Defendant has an obligation not to violate the law.
> 11) Upon information and belief, Plaintiff alleges that the Defendant has violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §301, *et seq.*, related amendments and codes, federal regulations promulgated thereunder, and other applicable state and federal laws.
> 12) The Plaintiff, as a purchaser and/or consumer of the subject metal on metal hip including connective stem, head and cup, is within the class of persons the statutes described in Paragraph #11 are designed to protect. Injuries and damages due to (1) the failure adequately to warn of known or reasonably knowable defects or (2) the failure to disclose all

> > adverse events or adverse event reports are the types of harm the said statutes are designed to prevent.
> > 13) As a direct and proximate result of the Defendant's violation of the said statutes, the Plaintiff sustained permanent damages; physical and emotional pain and suffering, past and future; disfigurement, medical expense, past and future; loss of enjoyment of life, past and future, all to his damage in a sum in excess of Seventy-Five Thousand Dollars, ($75,000.00) actual damages for which demand is hereby made of the Defendant.
> > WHEREFORE, the Plaintiff, Jack Mahon demands judgment against the Defendant on his Second Cause of Action for compensatory damages in an amount of in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, together with interest as provided for by law, costs of this action, and any and all further relief deemed justified in the premises.

Amended Complaint at 4-5. Although plaintiff has set forth the exact type of devices involved, the exact lot numbers of the devices, the fact that plaintiff was diagnosed with metallosis, and that as a result, the subject devices had to be removed from plaintiff's body, plaintiff does not set forth the specific provisions or regulations that defendant allegedly violated. Plaintiff simply makes the conclusory allegation that defendant violated the Federal Food, Drug, and Cosmetic Act, related amendments and codes, federal regulations promulgated thereunder, and other applicable state and federal laws. Further, the Court finds that plaintiff's statement in his response that defendant violated 21 C.F.R. § 820, the entire Good Manufacturing Practices regulation, is not sufficient to satisfy the *Iqbal* pleading standard. This regulation has 15 subparts and multiple sections per subpart with provisions governing everything from design controls to distribution and installation.

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss [docket no. 32] and DISMISSES plaintiff's Second Cause of Action for negligence per se.

**IT IS SO ORDERED this 9th day of November, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE